```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-22964-CV-WILLIAMS
                              MAGISTRATE JUDGE P.A. WHITE

TREASURE HLERGWA, ET AL.,    :
     Petitioners,
                             :
v.                                    REPORT OF
                             :      MAGISTRATE JUDGE
GLADES CENTER DETENTION CTR.,
ET AL.,                      :

     Respondents.            :
_____
```

Introduction

Sixty one detainees at the Glades County Detention Center, in Glades County, Florida, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241-43. The petitioners are contesting the conditions of their confinement and requesting an injunction to change the conditions of their confinement. Included with the petition is a list of the 61 detainees, however only one of the sixty one detainees has verified the petition. The petitioners have also filed a single motion to proceed in forma pauperis. (DE# 5). This motion, which has also not been verified, references the names listed in the attachment to the petition.

The court has for its consideration the petition (DE#1) and a statement of facts in support of the petition (DE# 4). No response has been requested since it is clear from the face of the petition that no relief can be granted.

It is noted that since the filing of the petition, the Clerk of Court has recorded instances of returned mail for 15 of the 61 petitioners. It is further noted that a motion to amend the original petition was filed on August 25, 2014. (DE# 6). The motion to amend is signed by two individuals, but not verified.

Claims

In the initial petition the 61 petitioners raise four claims. The contend that: (1) the law library is insufficient to meet their needs; (2) the facility does not provide access to hot water to use with items purchased at the commissary; (3) the food menu is never followed and the food served does not meet their nutritional requirements; and (4) the cost for phone services are outrageous. They name as respondents the Glades Detention Center, the Bureau of Immigration and Customs Enforcement and Telemate (the phone service provider). The motion to amend the petition includes an additional claim on behalf just two petitioners who contend the institution fails to allow them to practice their Muslim religious beliefs. These two petitioners also claim that there are other unnamed Muslim detainees who are similarly prevented from exercising their religious beliefs.

Discussion

The petitioners do not challenge the fact or duration of their confinement, but rather they challenge the conditions of that confinement. These types of claims are not properly brought in a habeas corpus action. Habeas corpus provides "relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir.1979), revised by 596 F.2d 658 (5th Cir.1979).[1]  "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id.  Relief for the types of claims raised by the petitioners, "[i]f proved, is in the form of equitably-imposed restraint, not freedom from otherwise lawful incarceration. Id. The factual allegations raised in the instant petition merely challenge the conditions of petitioners

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) ( en banc ), the Eleventh Circuit adopted as binding precedent all Fifth September 30, 1981.

2

confinement. Such allegations may be appropriate in a civil rights complaint but do not state cognizable grounds for relief in a § 2241 petition. Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.[2]

<u>Conclusion</u>

It is recommended that the petition be dismissed as it seeks relief that is not available in a habeas corpus proceeding under 28 U.S.C. § 2241.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this <u>30</u>th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Petitioners as listed in Docket

---

[2]It is also noted that petitioners have not alleged exhaustion of administrative remedies. There is no indication in the petition that any of the 61 petitioners have made any attempt to have the facility address the issues raised in their petition. The failure of a prisoner to exhaust administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); <u>Skinner v. Wiley</u>, 355 F.3d 1293, 1295 (11th Cir.2004) (per curiam); <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir.1992) (per curiam). Thus, even if Petitioners had brought the instant claims in a civil rights complaint or if their claims were cognizable under § 2241, they would not be entitled to relief because of his failure to exhaust his administrative remedies.

3